TATE, Judge.
The plaintiffs appeal from the dismissal of their suit to recover interest alleged to be due upon certain paving certificates issued by the defendant City. The certificates were called for payment before maturity. The sole question is whether the plaintiffs received sufficient notice of the call for payment, so that the City is not liable for interest beyond the call date.
The facts are stipulated.
Prior to August of 1954 the plaintiffs had purchased seventeen negotiable paving certificates in the face amount of $1,000 each, issued by the defendant municipality pursuant to valid ordinances. In accordance with the provisions of the ordinances, each certificate provides for interest at the rate of 3%% per annum from date until paid, the interest being payable annually upon presentation and surrender of interest coupons (each bearing a due date) attached to the certificates. The interest due on some of the certificates owned by plaintiffs was payable on April 1st of each year, and the interest due on the remaining certificates was payable on July 1st of each year. The National Bank of Commerce in New Orleans was designated as the paying agent, and it was noted on the certificates and interest coupons that they were payable at this bank or at the City Treasurer’s Office in Lake Charles, at the option of the holder.
Pursuant to the ordinances under which they were issued, each certificate further contains this significant provision:
“This paving certificate and all of the paving certificates of this issue may be called by the City of Lake Charles, Louisiana, on the 1st day of April [or July] of any year at a price of par plus a premium of $3.75 per hundred dollars and accrued interest to the call date, provided (1) * * * (5) that in the event the City of Lake Charles, Louisiana, elects to call any of the certificates herein referred to, that it shall notify the paying agent at least thirty days prior to the call date in writing advising it of the amount of money available and the numbers of the certificates to be called.”
Each interest coupon attached to these-paving certificates, after reciting the amount of interest due thereon, provides that the promise to pay is “subject to the provisions, terms and conditions of said paving certificate.”
The defendant City of Lake Charles elected to call and pay some of the certificates owned by the plaintiffs on April 1,, *663 1955, and others on July 1, 1955. The only notice of the call of these certificates was given by the city to the paying agent designated in the certificates. No special notice was given to petitioners, and the fact that these certificates were being called for payment was not published in any newspaper. The notices given to the paying agent, however, were timely and were in accordance with the provision for such notice contained in the certificates.
Prior to 1956, the plaintiffs had no actual knowledge of the fact that these certificates had been called for payment. During that year they presented their interest coupons due April 1, 1956 and July 1, 1956 for payment, and were then notified that the certificates had been called for payment as of April 1, 1955, and July 1, 1955, respectively. The defendant City therefore refused to honor these interest coupons.
Plaintiffs contend that they are entitled to recover the amount.of interest due on the coupons which matured on April 1, 1955, •and July 1, 1955, because the defendant failed to give them reasonable notice of the fact that the certificates were being called for payment. The defendant contends, on the other hand, that under the terms of the ordinances and certificates the only notice which it was required to give was a notice to the paying agent, as provided in each ■certificate.
 The trial court correctly held, in our opinion, that the notice to the paying agent that the certificates were being called for payment before maturity was the only notice that was required for the City to call the certificates for payment before maturity. “The right of a municipal corporation to redeem bonds is governed by the terms of the bonds and the provisions of the statutes and ordinances under which the bonds were issued and sold,” 64 C.J.S. Municipal Corporations § 1954, p. 591.
Pursuant to the ordinance under which issued, each certificate contained a specific .provision as to the method by which notice of payment before maturity was to be given to the owners of such certificates, and the interest coupons themselves noted that the promise therein to pay interest was subject to the terms of the certificates to which attached. The plaintiffs acquired their certificates subject to the right of the City to call them before maturity by notice in accordance with their provisions, namely to the paying agent. See Reuther v. City of New Orleans, 201 La. 209, 9 So.2d 523. The plaintiffs cannot as of right require further notice, nor can they complain that they have been prejudiced by a notice of call given pursuant to the terms of their certificates.
The plaintiffs cite authorities holding that reasonable notice to bondholders is required, by publication or otherwise, when bonds are called for payment before maturity. While not agreeing with the contention that notice to the paying agent was not reasonable notice under the circumstances reflected by this record, we do not feel that the decisions upon which the plaintiffs rely are applicable. For they do not concern instances in which, pursuant to statutory authorization (see LSA-R.S. 33:3307, which provides that “the certificates shall be * * * payable in principal and interest at such time and place as the governing authority may determine * * *”), the ordinances under which the certificates were issued (as well as the certificates themselves) specifically provided for a method of notice of the call of the certificates for payment before maturity and in which notice of call in accordance with such method was actually given.
Whether (as the plaintiffs contend) the paying agent is the agent of the city, at least for some purposes, is therefore immaterial, since by the terms of the certificates by which the plaintiffs are bound a notice of a call for payment before maturity need be given only to the paying agent, and since such provision for notice is within the authorization of the statute and ordinances by virtue of which the certificates were issued. ■ For the same rea *664 sons, likewise immaterial for purposes of this decision is the plaintiffs’ claim that they had notified the City Treasurer by mail in August of 1954 that they now owned the negotiable certificates (a letter the City denies having received).
For the foregoing reasons, the judgment dismissing plaintiffs’ suit is
Affirmed.