LOTTINGER, Judge.
This matter is before us on an appeal taken by the defendant banking institution from a judgment rendered in favor of the plaintiff bank. The Trial Judge has favored us with written reasons for judgment which are as follows:
“This case arises out of an allegedly erroneous payment of interest made by plaintiff Commercial Bank & Trust Company to defendant Citizen’s Bank & Trust Company.
“The operative facts, which for all practical purposes are undisputed, reveal that the Citizens’ Bank was the holder of various certificates of indebtedness issued by the St. Tammany Parish School Board. These certificates were called prior to maturity by the Board. The certificates themselves contained the following provision relative to call.
‘“CERTIFICATES OF THIS ISSUE numbered --- to -, both inclusive, may be called for redemption by said School District in numerical order prior to their stated dates of maturity on any interest payment date on or after September 1, 1958, at the principal amount thereof and accrued interest to the call date, provided that official notice of such call is given in writing by registered mail to the paying agent for said certificates at least thirty (30) days prior to the redemption date.’
“Pursuant to the above provision, notice by registered mail was given to the Commercial Bank & Trust Company as paying agent for the School Board, and receipt thereof acknowl *631 edged by the bank. Subsequently, on August 29, 1961, two days before the date on which the bonds had been called, September 1, 1961, funds sufficient to pay the called certificates together with accrued interest thereon were deposited in the Commercial Bank. On the same day, August 29, 1961, receipt of the funds were acknowledged by the Commercial Bank.
"Thereafter, the Commercial Bank paid the certificates which it held, and apparently, also, paid interest coupons due on September 1, 1961, which were presented by the other holders of the certificates of indebtedness. At no time was any notice furnished by the Commercial Bank to any of the parties who submitted the coupons due September 1, 1961, to the effect that the bonds had been called. On or about March 1, 1962, the coupons due on that date were presented for collection by the Citizen’s Bank & Trust Company through the Hibernia Bank & Trust Company of New Orleans. In spite of the fact that the bonds had been called as of September 1, 1961, Commercial Bank & Trust Company proceeded to honor these coupons and paid out the sum of $500.00.
“Shortly thereafter, the error in the payment was discovered by the School Board and the Commercial Bank notified. The bank thereupon made restitution to the School Board account of the amounts erroneously paid out, and made demand on Citizen’s Bank for the return of the interest. When the return of the $500.00 interest was requested of Citizen’s Bank, they were also informed of the fact of the certificates of indebtedness having been called on September 1, 1961. This was the first actual notice of the call of the certificates which was received by Citizen’s Bank. Subsequently, all of the certificates held by Citizen’s Bank were redeemed, but the Bank refused to refund the $500.00 which it collected for the coupons redeemable on March 1, 1962.
“Subsequently, the suit for the recovery of the $500.00 was brought by Commercial Bank against Citizen’s Bank. Citizens’ Bank in turn brought in St. Tammany School Board as a third party defendant, alleging that the Board failed to give proper notice of call of the certificates and that in the event they should be cast in judgment herein the School Board would be liable to them because of the failure to give proper notice.
“The position taken by the Commercial Bank & Trust Company is that as paying agent, they were obligated only to pay the certificates when presented for payment, and that there was no obligation on their part to give any notice whatsoever of the bonds having been called. They take the position that the Citizen’s Bank was entitled to no interest after September 1, 1961, that there were no funds on deposit for the payment of the coupons due on March 1, 1962, that the payment thereof was made inadvertently and erroneously and that the Citizen’s Bank has been unjustly enriched thereby.
“The Citizen’s Bank, on the other hand, claims that there is an obligation on the part of either the School Board or the Commercial Bank to give them notice of the call of the bonds; that no such notice was given and that they are entitled to collect the interest which would have been due them had the certificates of indebtedness not been called.
The School Board claims that it gave the only notice required of it in the certificates of indebtedness and that it has no liability to either bank in view of the fact situation above outlined.
“On the outset, let me say that there can be no doubt as to the correctness of the position taken by the School Board. *632 This question, as between the owner of an obligation and the issuing authority thereof, has been settled in the case of Selber v. City of Lake Charles, 122 So.2d 661, (La.App.1960). In that case the Court said:
“ ‘The trial court correctly held, in our opinion, that the notice to the paying agent that the certificates were being called for payment before maturity was the only notice that was required for the City to call the certificates for payment before maturity. “The right of a municipal corporation to redeem bonds is governed by the terms of the bonds and the provisions of the statutes and ordinances under which the bonds were issued and sold,” 64 C.J.S. Municipal Corporations § 1954, p. 591.
“ ‘Pursuant to the ordinance under which issued, each certificate contained a specific provision as to the method by which notice of payment before maturity was to be given to the owners of such certificates, and the interest coupons themselves noted that the promise therein to pay interest was subject to the terms of the certificates to which attached. The plaintiffs acquired their certificates subject to the right of the City to call them before maturity by notice in accordance with their provisions, namely to the paying agent. See Reuther v. City of New Orleans, 201 La. 209, 9 So.2d 523. The plaintiffs cannot as of right require further notice, nor can they complain that they have been prejudiced by a notice of call given pursuant to the terms of their certificates.’
“Therefore this case resolves itself down to the point of whether or not there is any obligation on the part of Commercial Bank and Trust Company, as paying agent of the St. Tammany Parish School Board, to give any kind of notice to holders of the certificates of indebtedness that these certificates have been called before maturity.
“In support of its position, the Citizen’s Bank offered evidence to show that it was customary in the trade for notice of the call to be given. However, after having heard testimony of the various witnesses, I am convinced that the only custom shown is that the paying agent will refuse to pay coupons which are sent in for collection after the certificates of indebtedness have been called. At the time that the payment is refused on the coupons, the holder thereof who has presented coupons for payment is notified that the certificates-have been called and instructed to present them for collection of both principal and interest.
“As a matter of internal procedure, it-would appear that the ledge card for the account is ‘flagged’ in some way so-as to indicate the call of the certificates and the coupons are routinely returned together with the notice of that fact when they are presented for payment. Until such time as the coupons are presented for payment, no notice is given to the holder of the certificate.
“It is clear from the evidence that no-such procedure was followed by the-Commercial Bank, and, in fact, no such, procedure was provided for by its. regulations.
“No law has been cited to the Court as. to the duties and oblegations of a depositary or paying agent in a situation-such as this. Both the statutory law on depositaries, and the case law of this. state seem to be devoid of authority on the subject. However, common sense dictates that in view of the fact. that the Citizen’s Bank took the certificates of indebtedness subject to all of' the terms thereof, they would not be entitled to any interest beyond the date ■ of the call of the certificates. The certificates were called properly by the - School Board and no interest could'. *633 •accrue thereon subsequent to September 1, 1961. Any coupons maturing ■subsequently would be valueless, since the certificates ceased to pay interest as of the latter date. The Citizen’s Bank therefore received something to which it was not entitled under the terms of the certificates of indebtedness when the Commercial Bank paid the coupons maturing on March 1, 1962. That being the case, there can be no doubt that the Commercial Bank & Trust Company is entitled to judgment on its main demand.
“However, as pointed out above, Citizen’s Bank takes the position that because Commercial Bank failed to follow the customary procedure in notifying persons presenting coupons for payment that the certificates to which the coupons had been attached had been called for redemption, it was ■deprived of the use of the money held by the Commercial Bank and that it was entitled to interest thereon from the dáte of the call until the date of the redemption.
“Commercial Bank, on the other ‘hand, states that as paying agent it had •no obligation other than to honor the certificates when same were presented to it for payment. The President of the ■Commercial Bank testified that the funds deposited for the redemption of the certificates was never commingled with the funds of the bank and that the bank never made any use thereof. The president of Citizen’s Bank testified that the presence or absence of the $25,000.00, which was the face amount of the certificates which it held, was not material to the normal operation of his bank. That is to say, the Citizens Bank was never in a position where it was unable to meet its obligations or to make loans or other investments which it desired to make.
“The theory on which any such recompense might be granted to the Citizens’ Bank can only be one of tort or quasi contract. There is certainly no direct contractual obligation on the paying agent to make notification of the premature call of the certificates of indebtedness to the holders of the coupons. That being the case, it is, of course, incumbent on the plaintiff in recon-vention to prove its damages. Assuming that the Commercial Bank would be liable to the Citizen’s Bank under the fact situation as outlined above, it appears clear that this is a case of damnum absque injuria. The testimony of the presidents of the two banks makes it clear that the Commercial Bank realized no advantage from holding the funds for approximately nine months after date that the certificates were called; and it would appear that if Citizen’s Bank did in fact suffer any loss as a result thereof, that the amount of that loss would be too speculative to enable the Court to make any determination. Certainly it cannot be said with legal certainty, when, or if, the funds involved here would have been reinvested by Citizens’ Bank had they been received as of the time of the call, or at what rate of interest.
“I am not convinced that the plaintiff in reconvention has shown that there exists a legal obligation on the part of the Commercial Bank to notify it of the call of the certificates; or that if such obligation did exist, it was damaged thereby; or, if damaged thereby, what the extent of the damage might be. However, on the other hand, there can be no doubt that the Commercial Bank has precipitated this entire situation by its own negligent acts and want of proper procedure. Certainly Citizen’s Bank should not be penalized because of the shortcomings beyond a refund of the interest erroneously paid.
“Accordingly, I will sign, when presented to me, a judgment in favor of Commercial Bank & Trust Company and against Citizen’s Bank & Trust *634 Company in the full sum of $500.00, and rejecting the reconventional demand and third party demand of Citizen’s Bank. However, the above judgment is to be without interest and all costs of this case are to be borne by Commercial Bank & Trust Company.”
The above reason's strike us as being founded in logic and equity. We are convinced that the result reached is correct and, therefore, the judgment appealed from is affirmed. Cost of this appeal to be borne by Citizens Bank & Trust Company.
Judgment affirmed.